863 P.2d 1069

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Jose Frank PADILLA, Defendant–
Appellant.**

**No. 21021.**

Supreme Court of New Mexico.

Oct. 28, 1993.

Monica D. Munoz, Albuquerque, for defendant-appellant.

Tom Udall, Atty. Gen., Ann Harvey, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FROST, Justice.

In this opinion, we again address the subject of the admissibility of expert opinion testimony regarding post traumatic stress disorder (PTSD) pertaining to victims of sexual abuse. We accepted certification of this case from the Court of Appeals to review the defendant's appeal in light of our recent opinion in *State v. Alberico*, 116 N.M. 151, 861 P.2d 192 (1993).

## FACTS

Jose Frank Padilla was convicted of criminal sexual penetration of a minor. At trial, the State introduced the testimony of a psychotherapist, Katherine Peterson. Ms. Peterson stated that she counselled the complainant and diagnosed her as suffering from PTSD.

Ms. Peterson testified that the complainant experienced the same symptoms that other sexually abused children exhibit, and she replied affirmatively to the question of whether the complainant's symptoms were consistent with her being sexually abused.

She stated that PTSD is a result of trauma that is outside the normal range of human experience. Peterson also testified generally about the symptoms of PTSD, and she stated that it is a diagnosis which is accepted by psychiatrists and psychologists. She acknowledged that the methodology for evaluating PTSD is printed in a manual entitled *Diagnostic & Statistical Manual of Mental Disorders* (3d ed. rev.1987), which is published by the American Psychiatric Association. Ms. Peterson did not testify directly regarding the complainant's truthfulness, nor did she identify the defendant as the perpetrator.

Padilla's trial counsel did not object to Ms. Peterson's testimony on the grounds of relevancy or on the basis that her testimony invaded the jury's function of weighing the credibility of the complainant in her accusations against Padilla. Trial counsel did object, however, on hearsay grounds to Peterson's testimony when she recounted statements that the victim made to her. The trial judge gave the jury a cautionary instruction consistent with SCRA 1986, 11–703 to the effect that an expert may rely upon information that may not be admissible in evidence and that simply because the expert relied upon the information in forming an opinion did not necessarily mean that the information was true.

## ISSUES

Padilla argues that trial counsel's failure to lodge objections to Peterson's testimony constitutes ineffective assistance of counsel. He claims that this case hinged on the credibility of the witnesses and that if Peterson's testimony had been excluded, the jury might have acquitted him. Padilla also contests the sufficiency of the evidence to sustain his conviction.

## DISCUSSION

■ In an ineffective assistance of counsel claim, not only must a defendant show that his trial attorney's performance fell below the standard of a reasonably competent defense attorney, but he must show that such defective conduct prejudiced him, resulting in a trial that was unfair and

unjust. *State v. Gonzales*, 113 N.M. 221, 229–30, 824 P.2d 1023, 1031–32 (1992). Absent a showing of both incompetence and prejudice, counsel is presumed competent. *State v. Jett*, 111 N.M. 309, 315, 805 P.2d 78, 84 (1991).

■ The trial judge did not abuse his discretion in admitting the expert opinion testimony in this case. In *Alberico*, we held that a properly qualified expert could testify that a complainant suffered from PTSD and that her symptoms were consistent with someone who had been sexually abused. *Alberico*, 116 N.M. at 172, 861 P.2d at 213. The psychotherapist's testimony in this case was consistent with our holding in *Alberico*. Because the admission of the expert's testimony here was not error, defense counsel's failure to object to it could not have been prejudicial to Padilla. *See State v. Roles*, 122 Idaho 138, 146, 832 P.2d 311, 319 (Idaho Ct.App.1992). Accordingly, his ineffective assistance of counsel claim fails.

■ We also conclude that Padilla's claim of insufficiency of evidence has no merit. In addition to the expert's testimony that the complainant exhibited symptoms of PTSD consistent with sexual abuse, the complainant testified that Padilla abused her on two occasions. We do not evaluate the evidence in the record to find some hypothesis that might be consistent with a verdict of not guilty. *State v. Duran*, 107 N.M. 603, 605, 762 P.2d 890, 892 (1988). Rather, we look to the record to see if there is any evidence that supports the jury's verdict. *Id.* Here, there was substantial evidence to support Padilla's conviction.

## CONCLUSION

Because we hold that the psychotherapist's testimony regarding PTSD was admissible notwithstanding the absence of an objection from defense counsel, we conclude that there was no resulting prejudice to Padilla. Accordingly, his ineffective assistance of counsel claim is without merit. We also conclude that substantial evidence

supports the conviction. The conviction is sustained.

**IT IS SO ORDERED.**

BACA and FRANCHINI, JJ., concur.